J-S18045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                          :  PENNSYLVANIA
                                          :
           v.                        :
                                          :
                                          :
RYAN HARDING                         :
                                          :
           Appellant          :    No. 1593 MDA 2018

Appeal from the PCRA Order Entered August 28, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001885-2013

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED MAY 28, 2019**

Appellant Ryan Harding files this *pro se* appeal from the order of the Court of Common Pleas of Lackawanna County denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On July 28, 2014, Appellant pled guilty to third-degree murder (18 Pa.C.S.A. § 2502(c)) and firearms not to be carried without a license (18 Pa.C.S.A. § 6106) in connection with the May 5, 2013 shooting death of Rashan Crowder.  On November 5, 2014, the trial court sentenced Appellant to 20 to 40 years' imprisonment for the murder conviction and 3½ to 7 years' imprisonment for the firearms conviction.  As the sentences were run consecutively, Appellant received an aggregate sentence of 23½ to 47 years' incarceration.  On February 1, 2016, this Court affirmed the judgment of

_____
*   Former Justice specially assigned to the Superior Court.

sentence, and on July 6, 2016, the Supreme Court denied Appellant's petition for allowance of appeal.

On June 13, 2017, Appellant filed a PCRA petition. The PCRA court appointed Appellant counsel, who subsequently sought to withdraw his representation pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988). On September 22, 2017, Appellant submitted a *pro se* filing seeking to amend his claims. On January 22, 2018, Appellant filed a Petition for Leave to file Post-Submission to Amend to raise additional claims for collateral relief.

On July 19, 2018, the PCRA court filed an order, giving notice of its intent to dismiss Appellant's petition without a hearing, setting forth its determination that the petition was devoid of merit, and granting PCRA counsel permission to withdraw his representation. Appellant did not respond to the Rule 907 notice. In an order entered August 28, 2018, the PCRA court dismissed Appellant's petition. This timely *pro se* appeal followed.

Appellant raises the following issues for our review, verbatim:

A. Appellant contends plea agreement was induced involuntarily, unintelligently, unknowingly based upon trial counsel's misled Appellant into belief counsel negotiated plea agreement that if accepted Appellant would receive a sentence of 15 yrs to 30 yrs.

B. Appellant contends he was abandoned by PCRA counsel.

C. Trial Counsel was ineffective for failure to object to and/or raise preserve illegal consecutive sentence, manifestly excessive in violation of double jeopardy clause.

D. Appellant contends trial counsel was ineffective for failure to object to and/or raise/preserve sentence enhancement/gravity score (five) based upon prior juvenile adjudications.

Appellant's Brief, at 4.

Our standard of review is as follows:

When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a de novo standard.

*Commonwealth v. Johnson*, 635 Pa. 665, 690, 139 A.3d 1257, 1272 (2016)

(quotation marks and quotations omitted).

Appellant's claims involve allegations of the ineffectiveness of his counsel. In reviewing a claim of the ineffectiveness of counsel, we are guided by the following principles:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018) (quoting *Commonwealth v. Natividad*, 595 Pa. 188, 207–208, 938 A.2d 310, 321 (2007)).

With respect to ineffectiveness claims related to the entry of a guilty plea, the following principles are applicable:

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations, quotation, and quotation marks omitted). "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." [*Commonwealth v.*] *Anderson*, 995 A.2d [1184, 1192 (Pa.Super. 2010)] (citations, quotation, and quotation marks omitted). Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate "it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 370 (Pa.Super. 2006) (quotation and quotation marks omitted).

*Commonwealth v. Timchak*, 69 A.3d 765, 769–70 (Pa.Super. 2013).

First, Appellant argues that trial counsel unlawfully induced him into entering an unknowing and involuntary guilty plea by allegedly promising Appellant that he would receive a 15 to 30 year prison sentence in exchange for pleading guilty.

- 4 -

In this case, the trial court conducted an extensive colloquy to ensure that Appellant understood the terms, effects, conditions, and legal consequences of his guilty plea agreement. The Court emphasized several times the potential sentences Appellant could receive; Appellant specifically stated he understood that the murder charge carried a maximum of forty years' imprisonment and the weapons charge carried a maximum of seven years' imprisonment. Plea Hearing, 7/28/14, at 10.

In contradiction to Appellant's instant claim that counsel had promised him a lenient sentence, Appellant expressly agreed at his plea hearing that he was entering an "open plea" as "no promises had been made to him with regard to any sentences." *Id*. at 9. Appellant subsequently denied that anyone had "promised [him] anything, other than the open plea." *Id*. at 28. Appellant confirmed that the entry of his plea was a free and voluntary act and indicated that he was satisfied with the representation of plea counsel.

Upon reviewing the record of Appellant's oral plea colloquy, we find that there is ample evidence to show Appellant understood that there was no agreement as to the particular sentence that he would receive, his open plea left his sentence to the discretion of the trial court, and that he had not been promised any particular sentence in exchange for entering an open plea. In similar cases, this Court has held:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.

A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (quoting *Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa.Super. 2003)). As such, Appellant is bound by the statements he made at his plea colloquy. Thus, Appellant's ineffectiveness claim based on his argument that plea counsel promised him a lenient sentence fails.

Second, Appellant argues that PCRA counsel abandoned him by filing a petition to withdraw and a *Turner-Finley* no-merit letter. However, Appellant did not challenge the trial court's decision to allow counsel to withdraw in its Rule 907 notice, but instead raises this claim on collateral appeal. PCRA counsel's ineffectiveness may not be raised for the first time on appeal. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (citing *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012)).

In Appellant's third and fourth claims, Appellant argues that trial counsel was ineffective for failing to raise challenges to the legality and discretionary aspects of his sentence, claiming his sentence was manifestly excessive in violation of double jeopardy principles. However, as Appellant attempts to

raise these claims for the first time on appeal and did not present these arguments in the lower court, these issues are waived. 42 Pa.C.S.A. § 9544 (providing that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").[1]

For the foregoing reasons, we affirm the PCRA court's decision to dismiss Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2019

---

[1] Appellant did argue in his PCRA petition that the trial court erred in considering his juvenile adjudications to enhance his adult gravity score. The PCRA court pointed out that this issue was waived as Appellant could have raised this claim on direct appeal. Appellant cannot now characterize this claim on collateral appeal as an ineffectiveness claim as he did not do so in his petition before the PCRA court. 42 Pa.C.S.A. § 9544.